## ASCHEIM v. LEVINSOHN.

(Supreme Court, Appellate Term. December 7, 1904.)

1. TRIAL—THEORY OF CASE—APPEAL—ESTOPPEL.

In an action on a contract of employment, the issue was whether the plaintiff had terminated the employment under the agreement, or whether there had been a discharge in violation of the agreement, with an instruction to find the conceded balance due, should the issue be determined in favor of the plaintiff. The defendant acquiesced in the instruction, in no way suggesting that the amount stated was open to question, and made no motion to dismiss, or for submission of the case on any different theory. *Held*, that defendant could not urge on appeal a different construction of the agreement.

2. WITNESS—REFRESHING RECOLLECTION—USE OF MEMORANDUM.

A witness may refresh his recollection of figures by resorting to a memorandum where his testimony is given on his recollection as refreshed, and not on the memorandum itself.

¶ 2. See Witnesses, vol. 50, Cent. Dig. §§ 874, 887.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Julius Ascheim against Harry Levinsohn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Joel M. Marx, for appellant.

Emanuel Eschwege, for respondent.

BISCHOFF, J. The issue left to the jury was whether the plaintiff had terminated the employment at the end of September, under the agreement, or whether there had been a discharge in violation of the agreement, with an instruction to find a specific amount, should this issue be determined in favor of the plaintiff; the amount thus stated being deemed to represent the conceded balance due upon the accounts between the parties under the agreement of employment. The defendant acquiesced in this instruction, in no way suggested that the amount stated was open to question, and made no motion for dismissal of the complaint, or for the submission of the case to the jury upon any different theory. Any contention that the judgment is based upon a misconception of the correct method of adjusting the account is thus rendered futile at this time, and the appellant is in no position to urge a different construction of the agreement, not suggested by motion or request at the trial, for the purposes of an appeal.

No error was committed in permitting a witness to refresh his recollection of figures by resort to a memorandum; his testimony having been given upon his recollection as refreshed, and not upon the memorandum itself.

Judgment affirmed, with costs. All concur.